IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v.  § | Criminal No. 1:22-cr-62-HSO-BWR-1 |
| § | |
| **JAMES RICHARD MORGAN** § | |

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT JAMES RICHARD MORGAN'S MOTION [108] FOR COMPASSIONATE RELEASE**

Defendant James Richard Morgan seeks compassionate release from incarceration with the Bureau of Prisons under 18 U.S.C. § 3582, *see* Mot. [108], which the Government opposes, *see* Resp. [112].  Because Morgan failed to exhaust his administrative remedies, his Motion [108] should be denied without prejudice.

I.  BACKGROUND

A.   Morgan's Conviction and Sentence

Pursuant to a Plea Agreement [55] with the Government, on November 2, 2023, Defendant James Richard Morgan ("Defendant" or "Morgan") pleaded guilty to Count 1 of the Indictment [1] in this case, which charged that he and a co-Defendant possessed with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2.  Indictment [1] at 1.  The charge carried a minimum statutory term of imprisonment of five (5) years and a maximum term of forty (40) years.  *See* Notice [1-1] at 1; PSR [76] at 1, 20 (filed under seal).

To assist the Court in sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). *See* PSR [76] (filed under seal). "Based upon a total offense level of 28 and a criminal history category of VI, the guideline imprisonment range [was] 140 months to 175 months." *Id.* at 20. But after resolving objections lodged at sentencing, the Court determined that the total offense level was 22, reducing the Guidelines imprisonment range to 84 to 105 months. *See* Tr. [91] at 20. The Court sentenced Morgan to a 105-month term of imprisonment as to Count 1. *See* J. [78] at 2. Morgan filed a direct appeal, which the Fifth Circuit dismissed. *See* Op. [105].

Morgan, who is now 44 years old, is presently incarcerated at United States Penitentiary ("USP") Pollock in Pollock, Louisiana. *See* Env. [108-1] at 1; PSR [76] at 1 (filed under seal). With a projected release date of July 7, 2030, he has served approximately 48% of his sentence of imprisonment. *See* J. [78] at 2; Bureau of Prisons ("BOP") Inmate Locator, https://www.bop.gov/inmateloc/ (stating "Release Date: 07/07/2030" for James Richard Morgan, Register Number: 62088-510) (last visited Nov. 18, 2025).

B.    Morgan's Request for Compassionate Release

Proceeding pro se, on October 28, 2025, Morgan filed the present Motion [108] for Compassionate Release under 18 U.S.C. § 3582. *See* Mot. [108].[1] Morgan argues that his sentencing range should be reduced based on amendments to the

---

[1] Morgan has also filed a separate Motion [107] for reduction under the United States Sentencing Commission's 2023 Amendment 821 to the United States Sentencing Guidelines, for which he has been appointed counsel. *See* Mot. [107]; Order [111]. That Motion [107] is not currently before the Court for consideration.

2

Guidelines and alleged sentencing disparities, *see id.* at 9-12, and that "[f]ull consideration of the 18 U.S.C. § 3553(a) factors an[d] applicable U.S. Sentencing Policy Statement warranted immediate release in Mr. Morgan's case," *id.* at 12, particularly given his post-sentencing behavior and rehabilitation, *see id.* at 12-14.

The Government opposes the Motion [108], arguing that Morgan failed to petition the Bureau of Prisons ("BOP") for release and exhaust his administrative remedies. *See* Resp. [112] at 7-8. Even if Morgan has properly exhausted, the Government argues that he has not shown any extraordinary and compelling reasons warranting early release, and that the factors set forth at 18 U.S.C. § 3553(a) weigh against it. *Id.* at 9-23.

## II. DISCUSSION

A.   Relevant Legal Authority

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c). At issue in this case is a requested modification under § 3582(c)(1)(A)(i), which states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1)   in any case—
>    (A)   the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not

>     exceed the unserved portion of the original term of
>     imprisonment), after considering the factors set forth in
>     section 3553(a) to the extent that they are applicable, if it
>     finds that--
>     (i)     extraordinary and compelling reasons warrant such
>             a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

This statute provides "two routes a defendant's motion can follow to be properly before the court. Both routes begin with the defendant requesting that 'the Bureau of Prisons' 'bring a motion on the defendant's behalf.'" *United States v. Franco*, 973 F.3d 465, 567 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). Although the United States Court of Appeals for the Fifth Circuit has found that this procedural requirement is not jurisdictional, it is nevertheless mandatory. *Id.*

B.     Analysis

The Government argues that Morgan has not exhausted his administrative remedies prior to seeking compassionate release. *See* Resp. [112] at 7-8. Morgan has not filed a timely reply or otherwise responded to this argument, and the Government has presented evidence that the facility at which he is housed has no record of such a request. *See* Ex. A [112-1].

The statute requires that a movant first make a request "to bring a motion on the defendant's behalf." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021) (holding that exhaustion begins with "requesting that the [BOP] bring a motion on the defendant's behalf" (quoting *Franco*, 973 F.3d at 467)). There is no evidence in this case that the Warden ever received a proper request from Morgan or that he fully exhausted his administrative remedies. *See*

18 U.S.C. § 3582(c)(1)(A); *Garrett*, 15 F.4th at 338.  Because Morgan has not demonstrated that he exhausted his administrative remedies, his Motion [108] should be denied for failure to exhaust.  *See* 18 U.S.C. § 3582(c)(1)(A); *Franco*, 973 F.3d at 567; *see also, e.g., United States v. Taylor*, 855 F. App'x 975 (5th Cir. 2021) (per curiam) (affirming district court denial of compassionate release for failure to exhaust when movant offered only conclusory assertions that he met exhaustion requirement, and the supporting proof that movant had offered in the district court, which was warden's letter denying a request for home confinement, did not show that the movant had asked the BOP to seek compassionate release on his behalf as required).

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant James Richard Morgan's Motion [108] for Compassionate Release under 18 U.S.C. § 3582 is **DENIED WITHOUT PREJUDICE** for failure to exhaust.

**SO ORDERED AND ADJUDGED**, this the 21st day of November, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE